```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION


REUNION, INC.,
CYPRESS BRAKE PROPERTIES, L.P.,
AND ANNANDALE INVESTORS, L.P.                            PLAINTIFF


VS.                              CIVIL ACTION NO. 3:09CV269TSL-FKB


FEDERAL AVIATION ADMINISTRATION,
UNITED STATES DEPARTMENT OF TRANSPORTATION,
UNITED STATES OF AMERICA,
JOHN DOE ONE, JOHN DOE TWO,
JANE ROE ONE AND JANE ROE TWO                            DEFENDANTS
```

## MEMORANDUM OPINION AND ORDER

In its memorandum opinion and order entered March 30, 2010, the court observed that plaintiffs Reunion, Inc., Cypress Brake Properties, L.P., and Annandale Investors, L.P. (collectively Reunion), had moved for partial summary judgment on its cause of action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552 et seq., and that the United States had moved to dismiss plaintiff's FOIA claim on mootness grounds. Because at the time of the court's prior opinion, the United States' time for submitting a reply brief in support of its motion to dismiss had not yet run, the court noted that it would await receipt of the reply brief prior to issuing any ruling with respect to the FOIA claim. The time for the United States to file its reply has now passed, and a ruling may now properly be made, as briefing on the motions concerning Reunion's FOIA claim is complete.

In its amended complaint, Reunion alleges that by letter dated April 29, 2009, its attorneys requested certain documents from the Office of the Secretary of Transportation (OST) and the FAA pursuant to FOIA, as follows:

> (i) All records, of any description whatsoever, and however made or maintained, that refer or relate to that certain Lease Agreement dated December 17, 1996, as amended on December 18, 2000 and January 3, 2005;
> (ii) All records, of any description whatsoever, and however made or maintained, that refer or relate to the real property that is the subject of the Lease;
> (iii) All records, of any description whatsoever, and however made or maintained, that refer or relate to the possibility of relocating the VORTAC facility that is located on the real property that is the subject of the Lease;
> (iv) All records, of any description whatsoever, and however made or maintained, that refer or relate to the FAA's decision to continue to occupy the real property that is the subject of the Lease on and after the expiration of the Lease on September 30, 2008.

Reunion alleges that the OST responded that "[a] search within the Office of the Secretary of Transportation (OST) found no responsive records." The FAA responded by producing certain documents and partially denying Reunion's FOIA request. Reunion appealed the FAA's partial denial of its FOIA request and the alleged failure to produce responsive, nonexempt documents in the FAA's possession, custody or control, taking the position that the FAA's response was obviously incomplete because (i) emails and letters to and from the FAA prove that other records exist, (ii) the records that the FAA produced show on their face that other records exist, (iii) the nature of the project suggests that

2

other records exist, and (iv) other records are known to exist. Further, in support of its motion for partial summary judgment, Reunion asserts that after filing the appeal, it discovered additional evidence showing that the FAA's FOIA response is insufficient, namely, documents produced by the United States in Reunion, Inc., Cypress Brake Properties, L.P. and Annandale Investors, L.P. v. United States of America, in the United States Court of Federal Claims, Case No. 09-280, which are responsive to its FOIA request but which were not produced in response to that request, including (i) a January 1, 1992 lease agreement for the subject property executed between the FAA and certain individuals, (ii) a December 17, 1996 lease agreement for the subject property executed between the FAA and certain individuals, (iii) 70 pages of Warranty Deeds and Quitclaim Deeds for the subject property, and (iv) various notary acknowledgements.

In response to Reunion's motion for partial summary judgment on its FOIA claim, the Government has not undertaken to refute Reunion's evidence and argument that the FAA and OST failed to produce all nonexempt documents that were responsive to Reunion's FOIA request. Instead, the United States has moved to dismiss Reunion's FOIA claim, stating simply that "those counts in the Amended Complaint dealing with ... FOIA should be dismissed as moot. Plaintiffs may use the discovery process in the condemnation proceedings to obtain documents or testimony relevant

3

to the proceedings." While some of the documents sought by Reunion's FOIA claim may no longer be relevant to the claims originally brought in this action, that does not mean its claim against the United States under FOIA is moot, and the United States has failed to explain the basis for its assertion of mootness.[1] Moreover, Reunion points out in its response to the motion to dismiss that the United States' own explication of the right to information under FOIA belies the United States' present assertion that the discovery process is a substitute for FOIA:

> Discovery and the Freedom of Information Act are two entirely distinct means by which information may be obtained from the federal government. . . . The access afforded by the FOIA is thus often duplicative of that available through discovery. Attempts are often made by parties in litigation to use the FOIA in place of, or in addition to, discovery. Under present law there is no statutory prohibition to the use of FOIA as a discovery tool. The Supreme Court found in NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 143 n.10 (1975), that under existing law a requester's rights are not diminished by his or her status as a litigant.

http://www.justice.gov/oip/foia_updates/Vol_III_1/page5.htm.; see also http://www.faa.gov/foia/ (stating, "The FOIA provides any person the right to obtain federal agency records unless the record is protected by one of nine exemptions."); see generally Pennsylvania Dept. of Public Welfare v. United States, No. CIV. A.

---

[1] In its response to the motion to dismiss, Reunion expressly challenged the United States' assertion that the FOIA claim has become moot. The United States did not avail itself of the opportunity to file a reply in support of its motion so that it could explain its position on this issue.

4

05-1285, 2006 WL 3792628 \*\*27-29 (W.D. Pa. Dec. 21, 2006) (holding that government agency is not prevented from processing and responding to FOIA request on basis that documents sought are available through discovery); <u>Inter Ocean Free Zone, Inc. v. U.S. Customs Serv.</u>, 982 F. Supp. 867, 871 (S.D. Fla. 1997) ("[t]he identity of the FOIA requester and the requester's reasons for making the request have no bearing upon its entitlement to the information.... what is given to one requester is what is available to all who make the same request")(citing <u>U.S. Dep't of Justice v. Reporters Comm. for Freedom of Press</u>, 489 U.S. 749, 771, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989)).

As Reunion has presented evidence demonstrating the United States' failure to fully respond to its FOIA requests, and as the United States has not shown that the FOIA claim is moot, or offered any substantive opposition to Reunion's motion for partial summary judgment on its FOIA claim, the court concludes that Reunion's motion for partial summary judgment on this claim should be granted to the extent that Reunion has requested that the court order that the FAA shall produce, at its expense, all of the documents requested by Reunion, including but not limited to "the appraisals" referenced in the FAA's response to [Reunin's] FOIA request.

Reunion has also requested as relief, that it be awarded its reasonable attorney's fees. When a plaintiff brings a suit under

FOIA, a court "may assess against the United States reasonable attorneys fees and other litigation costs reasonably incurred in any case under this section in which the complainant has substantially prevailed." 5 U.S.C. § 552(a)(4)(E). However, "[a] FOIA plaintiff who 'substantially prevail[s]' becomes *eligible* for attorney's fees. But whether the plaintiff is actually *entitled* to a fee award is a separate inquiry that requires the court to consider four factors: (1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding." Lippton v. U.S. Dept. of Justice, Civil Action No. 07-0329, 2008 WL 2649516, 7 (E.D. La. June 27, 2008) (citing Edmonds v. F.B.I., 417 F.3d 1319, 1327 (D.C. Cir. 2005)). See also State of Texas v. Interstate Commerce Commission, 935 F.2d 728, 730 (5th Cir. 1991). In the case at bar, Reunion has made no effort to demonstrate that it should receive an award of attorney's fees, and it is hardly apparent to the court that the relevant factors weigh in favor of such an award. That being the case, the court finds that the motion for partial summary judgment should be denied as it pertains to Reunion's request for an award of attorney's fees under FOIA.

Based on the foregoing, it is ordered that Reunion's motion for summary judgment on its FOIA claim is granted in part and denied in part, as set forth herein.

SO ORDERED this 3rd day of May, 2010.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE